**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EX PARTE TAGLIAMONTE** | : | CIVIL ACTION |
| | : | |
| | : | NO. 06-cv-5508 |

## MEMORANDUM AND ORDER

Petitioner claims that he is incarcerated in a federal facility located within the territorial confines of the Eastern District of Pennsylvania; he claims that he is being held without bail within this district because of criminal charges pending against him in the United States District Court for the District of New Jersey. When this petition was filed in the Eastern District of Pennsylvania on December 18, 2006, petitioner indicated that he was "tentatively scheduled" to go on trial in the United States District Court for the District of New Jersey on November 28, 2006. It is impossible to tell if he is still being held without bail pending his trial, or if he has yet been tried, or if he has yet been convicted, or if he has yet been sentenced in the United States District Court for the District of New Jersey.

In his December 18, 2006 filing, petitioner raises only one claim that would allegedly justify his release from custody; this claim is that the law he is accused of violating, 18 U.S.C. §3231, was allegedly not enacted in conformity with Article I, Section 7 of the United States Constitution, which established procedures that need to be followed by Congress and the President when they seek to enact federal laws. This is clearly an argument that his rights under the Fifth Amendment to the United States Constitution have been violated, for which relief is provided to prisoners by The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266). AEDPA deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights

guaranteed by the United States Constitution have been violated; **habeas corpus motions pursuant to AEDPA are the *only* possible means of obtaining this type of relief from custody.**  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

However, petitioner bases his grounds for relief from custody not on AEDPA, but on 28 USC §§1651 et seq (commonly known as "The All Writs Act"); this attempt must fail. As previously stated, **habeas corpus motions pursuant to AEDPA are the *only* possible means of obtaining relief from custody based on an argument that the prisoner's Constitutional rights have been violated.**  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

Assuming that this is an AEDPA case, venue over this matter properly rests with the United States District Court for the District of New Jersey.  If petitioner has already been sentenced, this is a 28 USC §2255 case, for which venue is proper only in the sentencing court.  If he has not yet been sentenced, he is attacking the actions of the New Jersey federal court, which would make this a 28 USC §2241 claim; in our view this would be best handled by the United States District Court for the District of New Jersey, especially since it is impossible to tell if petitioner has been sentenced yet, and especially since if the United States District Court for the Eastern District of Pennsylvania begins work on this case, that that work will have to stop the second the petitioner is sentenced (pursuant to the language of 28 USC §2255 itself), and the case would then have to be transferred at that time to the United States District Court for the District of New Jersey.  Even assuming, for the sake of argument, that this case can proceed pursuant to the All Writs Act, this court is still of the view that this case could be handled more efficiently in the United States District Court for the District of New Jersey.

Accordingly, this                            Day of January, 2007, it is hereby

**ORDERED** that this civil action is transferred to the United States District Court for

the District of New Jersey, and, it is further

  **ORDERED** that the Clerk of the United States District Court for the Eastern District of Pennsylvania shall mark this matter as **CLOSED** in this court for all purposes, including statistics.

              **S/ RONALD L. BUCKWALTER**
              **RONALD L. BUCKWALTER, U.S. District Judge**